IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER J. EMERSON, § | |
| TDCJ-CID NO.451863, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-11-2367 |
| § | |
| RICK THALER, § | |
| Defendant. § | |

MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Supreme Court's recent holding in Skinner v. Switzer, __U.S.__, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011), seeking an order from this Court directing U.S. Marshals to seize evidence from his 1986 aggravated sexual assault convictions in cause number 439551 and 439552 and to submit such evidence to a federal laboratory for DNA testing. (Docket Entry No.1, page 4). For the reasons to follow, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

A jury in the 351st state district court of Harris County, Texas, heard testimony in cause number 439551 that on October 16, 1985, plaintiff assaulted complainant at her place of employment. Emerson v. State, 756 S.W.2d 364, 366 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd). Such testimony revealed that plaintiff forced complainant to pour hot water across her vagina, that he pounded her head against a cabinet, folded her checkbook once and forced it into her vagina, removed the checkbook and inserted

scissors, and then forced complainant to grasp the scissors and helped her cut her vagina. Id. On November 5, 1986, the jury convicted plaintiff of the October 16, 1985 aggravated sexual assault. Emerson v. Cockrell, Civil Action No.4:98cv0254 (S.D. Tex. Mar. 18, 2002). On November 7, 1986, the jury assessed punishment at thirty-five years confinement in the Texas Department of Criminal Justice.[1] Id.

Plaintiff was also convicted in cause number 439552, in the 177th State District Court of Harris County, Texas of sexually assaulting complainant in her home on November 13, 1985, by inserting a kitchen knife into her vagina. Emerson v. State, No.A14-88-00778-CR, 1990 WL 144054 (Tex. App.-Houston [14th Dist.], 1990), *reversed*, 829 S.W.2d 802 (Tex. Crim. App. 1991) (reversing conviction on challenge to peremptory strikes under Batson v.

---

1 Plaintiff's conviction in cause number 439551 was affirmed on direct appeal. Emerson v. State, 756 S.W. 2d 364, 370 (Tex. app.-Houston [14th Dist.] 1988, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on April 19, 1989. Emerson v. State, PDR No. 1012-88. On June 21, 1995, the Texas Court of Criminal Appeals denied without written order his state habeas application. Texas Courts' website. The Court of Criminal Appeals denied his motion for reconsideration on January 29, 1997. Id.

Plaintiff filed a federal habeas petition on January 28, 1998, which this Court dismissed on March 15, 1999, as time-barred. Emerson, Civil Action No.4:98cv0254. The Fifth Circuit Court of Appeals vacated the judgment and remanded the case for consideration on the merits. Id. On March 19, 2002, this Court dismissed the habeas action without prejudice to allow plaintiff "to pursue his numerous unexhausted claims in state court." Id. On August 24, 2009, plaintiff filed a second state habeas application. Harris County District Clerk website. On October 14, 2009, the Texas Court of Criminal Appeals dismissed the application as successive. Texas Courts' website.

On October 4, 2010, plaintiff filed a second federal habeas petition, which this Court dismissed as successive on October 13, 2010. Emerson v. Thaler, Civil Action No.4:10cv3653 (S.D. Tex. Oct. 13, 2010). The Fifth Circuit Court of Appeals granted petitioner's certificate of appealability. Emerson v. Thaler, No.10-20732 (5th Cir. 2011). The case is pending on appeal. Id.

2

Kentucky, 476 U.S. 79 (1986)). On remand, the Texas Court of Appeals reversed the judgment of the state district court and remanded the cause to that court. Emerson v. State, 851 S.W.2d 269 (Tex. Crim. App. 1993). Neither plaintiff's pleadings nor public records show that plaintiff was retried for this offense.

In the present civil rights action filed on June 22, 2011, plaintiff alleges that Texas Southern University Police Sergeant Wayne Stewart fabricated the October 16, 1985 sexual assault case against him but Stewart later testified that he had no evidence or probable cause that plaintiff had committed a crime.[2] (Docket Entry No.1, page 4). Plaintiff fails to show how this allegation is relevant to the relief he seeks in this court.

Plaintiff also claims that a deviant judge and corrupt prosecutor "engineered [his] wrongful conviction." (Docket Entry No.1, page 4). Plaintiff contends that at trial, the prosecutor introduced a checkbook that was a prop from the property room and not the checkbook that plaintiff allegedly used to assault complainant in cause number 439551. (Docket Entry No.6, pages 1-2).

---

2 The state intermediate appellate court summarized Stewart's involvement as follows, in pertinent part:

> Sergeant Stewart of the Houston Police Department unsuccessfully attempted to execute an arrest warrant on Appellant and shortly thereafter received a telephone call from Appellant in which Appellant identified himself as Chris Emerson and told Sergeant Stewart, "I'm looking for you. Your days are numbered." Sergeant Stewart heard Appellant's voice subsequently and identified Appellant as the caller. Appellant eventually surrendered and the complainant identified him in a line-up.

Emerson v. State, 756 S.W.2d 364, 367 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd).

Plaintiff contends the prosecutor produced a different checkbook in a subsequent trial in cause number 439552. (Id., page 1). In support of this contention, plaintiff cites to testimony given by one of his attorneys during a contempt hearing. (Id., page 2). The Court of Criminal Appeals recorded the testimony, as follows, in pertinent part:

> [Defense Counsel] Freeman acknowledged that he examined a checkbook in evidence that supposedly had been thrust up the complaining witness' vagina while she was having her period. He wanted to determine if blood appeared thereon. He admitted that the checkbook was in a bent shape and that he had flipped through the pages. While he was doing this he stated [Assistant District Attorney] Munier snatched the exhibit out of his hands and accused him of tampering with the evidence.

Ex parte Pink, 746 S.W.2d 758, 759 (Tex. Crim. App. 1988). Plaintiff alleges that defense counsel Freeman confided to him that Freeman did not see any blood on the checkbook. (Docket Entry No.6, page 2). Plaintiff also claims that the date on one of the bent pages of the checkbook precedes the date of the offense by several years. (Id.).

Plaintiff further claims that he recently learned that the Houston Crime Lab possesses three pubic hairs that reportedly belonged to the alleged suspect in plaintiff's second aggravated assault trial in cause number 439552. (Id., page 2). Plaintiff acknowledges that neither the checkbook nor the pubic hairs have been subjected to DNA testing. (Id., pages 1-2). Plaintiff claims that he requested DNA testing of the three hairs in the 177th State District Court of Harris County, Texas on June 21, 2007, and on

4

January 31, 2008. (Id., page 3). He claims that he has not received a disposition from the 177th State District Court with respect to his request. He was re-incarcerated on December 31, 2008. (Id.). Plaintiff does not indicate that he has requested DNA testing of the purported fake checkbook.

Based on the foregoing allegations, plaintiff contends that his rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution have been violated by the State of Texas. (Id., page 4).

## DISCUSSION

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the district court may scrutinize the basis of his complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

In Skinner v. Switzer, the Supreme Court held an action filed pursuant to § 1983 is an appropriate means for obtaining post-judgment DNA testing in a criminal case. 131 S.Ct. 1289, 1298 (2011). Thus plaintiff has chosen an appropriate means to obtain testing of the DNA found in the checkbook introduced into evidence during his 1985 aggravated assault trial and the three pubic hairs that were not introduced in a subsequent trial.

Under § 1983, an individual may sue state actors to enforce federal statutory and constitutional rights. Anderson v. Jackson, 556 F.3d 351, 356 (5th Cir. 2009). To succeed on a § 1983 claim, an individual must prove that: (1) the conduct in question was committed by an individual acting under the color of state law; and, (2) the conduct deprived the claimant of a constitutional right. Kovacic v. Villarreal, 628 F.3d 209, 213 (5th Cir. 2010). The question here is whether plaintiff has alleged a violation of his rights by the State's failure to submit the aforementioned checkbook and pubic hairs to DNA testing as he allegedly requested under Chapter 64 of the Texas Code of Criminal Procedure.

In pertinent part, Chapter 64 of the Texas Code of Criminal Procedure authorizes a convicted person to submit to the convicting court a motion seeking forensic DNA testing of evidence containing biological material that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense but was either (1) not previously subjected to DNA testing (under circumstances unrelated to plaintiff's claims herein) or (2) "although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." Leal v. State, 303 S.W.3d 292, 295 (Tex. Crim. App. 2009); TEX. CODE CRIM. P. ANN. art 64.01(b) (Vernon 2006).

Chapter 64 also requires, in pertinent part, a showing that (1) unaltered evidence is available for testing, (2) identity was an issue in the case, (3) there is a greater than 50% chance the defendant would not have been convicted if DNA testing provided exculpatory results, and (4) the request is not to delay the execution of the sentence. Leal, 303 S.W.3d at 296; TEX. CODE CRIM. P. art. 64.03(a).

Plaintiff does not indicate that he sought DNA testing of the checkbook that was secured in relation to the aggravated assault conviction in cause number 439551 in the 351st State District Court as required by article 64.01 (a-1). Therefore, he fails to state a claim showing that the State of Texas has violated any

7

constitutional right with respect to the checkbook by denying his request for DNA testing.

On the other hand, plaintiff claims that he twice filed a motion for DNA testing of the three pubic hairs in the 177th State District Court in 2007 and 2008 that were secured in relation to the aggravated sexual assault conviction in cause number 439552. Plaintiff's aggravated assault conviction in cause number 439552 was reversed by the Texas Court of Criminal Appeals and apparently, he was not retried for the offense. Therefore, plaintiff has no basis upon which to file a motion for DNA testing of the three pubic hairs.

## CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's civil rights complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to plaintiff and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on January 27, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE