IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER J. EMERSON,<br>TDCJ-CID NO.451863,<br>　　　Plaintiff,<br>v.<br><br>RICK THALER,<br>　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. H-11-2367<br>§<br>§<br>§ |

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Supreme Court's recent holding in Skinner v. Switzer, __U.S.__, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011), seeking an order from this Court directing U.S. Marshals to seize evidence from his 1986 aggravated sexual assault convictions in cause numbers 439551 and 439552 and to submit such evidence to a federal laboratory for DNA testing. (Docket Entry No.1, page 4).  On January 27, 2012, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  On February 8, 2012, plaintiff filed a "Motion to Alter and Amend Judgment and Relief from Judgment/Order," pursuant to Rules 59(e) and 60(b)(1),(4), and (5) of the Federal Rules of Civil Procedure. (Docket Entry No.12).

A Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment.'"  Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In Re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that

could have been offered or raised before the entry of judgment."
Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th
Cir. 1990)).  Instead, "Rule 59(e) 'serve[s] the narrow purpose of
allowing a party to correct manifest errors of law or fact or to
present newly discovered evidence.'"  Id. (quoting Waltman v. Int'l
Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  "Relief under Rule
59(e) is also appropriate when there has been an intervening change
in the controlling law."  Schiller v. Physicians Resource Grp., 342
F.3d 563, 567 (5th Cir. 2003).  Altering, amending, or reconsidering
a judgment is an extraordinary remedy that courts should use
sparingly.  Templet, 367 F.3d at 479 (citing Clancy v. Employers
Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. June 26, 2000)).

A district court may also relieve a party from final judgment
under Rule 60(b) on the basis of (1) mistake, inadvertence,
surprise, or excusable neglect; (2) newly discovered evidence which
by due diligence could not have been discovered in time to move for
a new trial under Rule 59(b); (3) fraud, misrepresentation, or other
misconduct of an adverse party; (4) the judgment is void; (5) the
judgment has been satisfied, released, or discharged; or (6) any
other reason justifying relief from the operation of the judgment."
FED. R. CIV. P. 60(b).

Plaintiff contends that dismissal of his civil rights suit was
inappropriate because the Court did not make reference to two
documents in its Memorandum and Order of Dismissal, which plaintiff
filed days before the Memorandum and Order of Dismissal was entered.

2

(Docket Entry No.12, pages 4-5).  Plaintiff contends that these exhibits show that the checkbooks, which were admitted into evidence at trial, were fake and that the Court wrongly concluded that one checkbook belonged to plaintiff and the other was a different checkbook.  (Id., pages 5-6).

Plaintiff also complains that he never indicated that the three pubic hairs that he wanted to be tested were an issue in the sexual assault case in cause number 439552, which was tried in the 177th District Court of Harris County, Texas; he claims that he sought DNA testing of the three pubic hairs and the checkbooks in the 177th Criminal District Court instead of the convicting court, i.e., the 351st Criminal District Court of Harris County, because jurisdiction was transferred to the 177th Criminal District Court as a result of the foul treatment plaintiff received in the 351st Criminal District Court.  (Id., pages 6-7).

The Court reviewed all pleadings and documents filed in this case, including the checkbook exhibits, before the Court entered its Memorandum and Order of Dismissal.  Any factual error that plaintiff attributes to the Court with respect to the checkbooks, pubic hairs, and so on stems from the Court's efforts to liberally construe his rambling pleadings.  Moreover, such factual errors are of no constitutional importance and do not entitle him to relief under Rules 59(e) or 60(b).

As the Court noted in its Memorandum and Order of Dismissal, plaintiff is not entitled to forensic testing of the checkbooks or

3

the pubic hairs under state law because he did not file a motion for such testing in the 351st Criminal District Court of Harris County, Texas, the court in which he was convicted of sexual assault in cause number 439551. (Docket Entry No.10, page 7). Plaintiff submitted his request to the 177th Criminal District Court, the court whose judgment was reversed in cause number 439552. Therefore, under state law "plaintiff had no basis upon which to file a motion for DNA testing of the three pubic hairs[]" or the two checkbooks. (Id., page 8).

Accordingly, plaintiff's Motion to Alter and Amend Judgment and Relief from Judgment/Order pursuant to Rules 59(e) and 60(b)(1), (4), and (5) (Docket Entry No.12) is DENIED.

SIGNED at Houston, Texas, on __*March 23*__, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE